UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **SUDHIR KAPOOR,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.  1:06-cv-819-LJM-WTL |
| ) | |
| **THE INDIANA UNIVERSITY BOARD OF** ) | |
| **TRUSTEES, et al.,** ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON MOTION TO COMPEL

This cause is before the Magistrate Judge on the motion to compel filed by Plaintiff Sudhir Kapoor.  The motion is fully briefed, and the Magistrate Judge, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion to the extent and for the reasons set forth below.

Plaintiff Sudhir Kapoor was terminated from his position as a resident in the Department of Medicine at Indiana University School of Medicine, allegedly because of deficient performance, unprofessional conduct and complaints of inappropriate sexual conduct that were made against him. In his complaint, Dr. Kapoor asserts claims against Indiana University, Meredith Hull, Assistant Dean of Indiana University School of Medicine, David Crabb, Chairman of the Department of Medicine, Lia Logio, Director of the Medicine Residency Program, and Lillian Charleston, Affirmative Action Officer for the Indiana University School of Medicine (collectively "I.U.") for (1) violating Title VII by discriminating against him on the basis of his race and national origin and for engaging in protected activities; (2) denying him the right to make and enforce contracts in violation of 42 U.S.C. § 1981; (3) depriving him of his constitutionally protected rights; and (4) breaching its contract with him.

At issue in the instant motion are two interrogatories and one document request.  In

Interrogatory No. 9, Dr. Kapoor seeks a list of "each and every person employed by Defendants as a medical resident reporting to Meredith Hull, David Crabb, and/or Lia Logio at any time during the period from July 1, 2003 through the present." I.U. has provided a subset of the information sought: residents in the Department of Internal Medicine for the 2003-04 and 2004-05 academic years, the year that Dr. Kapoor's alleged poor performance began and the year he was terminated, but it has refused to expand its answer to include the 2005-06 and 2006-07 academic years and residents in other departments, arguing that the additional information is irrelevant.

In order to establish his prima facie case under Title VII, Dr. Kapoor must demonstrate, *inter alia*, that I.U. treated similarly situated individuals of different races and national origins more favorably than it treated him.

> To establish that employees not in the protected class were treated more favorably, the Plaintiff must show that those employees were similarly situated with respect to performance, qualifications and conduct, and that the relevant aspects of their employment situation were nearly identical to the alleged comparators. Such a showing normally entails establishing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them. In addition, the Plaintiff must establish that the similarly situated employees were treated more favorably at the time of the alleged discrimination against him.

*Keri v. Board of Trustees of Purdue University*, 458 F.3d 620, 644-45 (7th Cir. 2006) (citations and internal quotation marks omitted). Dr. Kapoor argues that he is entitled to a list of all of I.U.'s residents for the four academic years he seeks (as well as, as discussed below, their personnel files) because those residents are all potentially similarly situated to him, in that they all ultimately were under the authority of Defendant Hull as Assistant Dean for Graduate Medical Education.

The Magistrate Judge agrees with I.U. that the scope of discovery should be limited to the

specific department in which Dr. Kapoor was a resident, the Department of Medicine. To the extent that Dr. Kapoor complains of disparate treatment prior to his termination, that treatment was at the hands of his superiors within the Department of Medicine. With regard to his termination, the information before the Court indicates that it was Defendant Logio, who was the Director of the Department of Medicine Residency Program, who made the recommendation that Dr. Kapoor be terminated. While this recommendation was considered and ultimately accepted by administrators above Dr. Logio, the fact that these high-level administrators might have played a similar role with regard to residents in other departments is not sufficient to expand the pool of potentially similarly situated individuals beyond the other residents in the Department of Medicine. The residents in other departments reported to different supervisors and undoubtedly had a variety of different working environments; Dr. Kapoor has not demonstrated that the "relevant aspects of their employment situation"–including, for example, the enforcement of various rules by various supervisors, the type of intra-departmental discipline that was utilized, and the tolerance for the type of behavior that Dr. Kapoor was accused of within the various departments–were "virtually identical" to his own. Accordingly, it was reasonable for I.U. to limit its response to Interrogatory No. 9 to the Department of Medicine.

      As for the proper temporal scope of discovery, the Magistrate Judge determines that it also was reasonable for I.U. to limit its response to residents who were there during the two years that Dr. Kapoor was there. This is not to say that only things that occurred during those two years are relevant, but rather that, as a general matter, it is reasonable to limit discovery to the treatment of those individuals whose residencies overlapped with Dr. Kapoor's time at I.U., because it is those individuals who are potentially similarly situated to him and that two-year period was the "time of

the discrimination" alleged by Dr. Kapoor.  Therefore, the motion to compel is **denied** as to Interrogatory No. 9.

>Interrogatory No. 13 reads as follows:
>
>Have Defendants received any other complaints, formal or informal, written or oral, alleging sexual harassment at any time from July 1, 2003 to the present? If so, identify each complaint and:
>
>(a) State the name, address, position, race, and national origin of the individual who made each complaint and the name, address, position, race, and national origin of each individual accused of participating in sexual harassment;
>
>(b) Describe the manner in which the complaint was raised, the date(s) of the incident(s) which formed the basis for each complaint, the name, position, race, and national origin of the person responsible for investigating each complaint; and
>
>(c) Describe all action taken in response to each complaint, including, any investigative activity, the identity of all witnesses interviewed, and the nature of any disciplinary action issued as a result of the complaint.

I.U. objected to this request on several grounds, including overbreadth, but responded that it is "aware of no reported complaints of sexual harassment or inappropriate conduct of a sexual nature against any resident of the IU School of Medicine Residency Program, other than Plaintiff, for the period of July 2003 through 2005."  Dr. Kapoor argues that I.U. is not entitled to limit its response to residents, but rather must answer with respect to the entire School of Medicine.  The Magistrate Judge disagrees.  Again, while it may be the case that all School of Medicine employees are subject to the same rules regarding sexual harassment, discovery is appropriate only as to those individuals who are potentially similarly situated to Dr. Kapoor in all relevant respects.  Employers often have companywide policies; that alone is not sufficient to justify companywide discovery in a case alleging discrimination.  I.U.'s answer is sufficient, and the motion to compel is **denied** as to Interrogatory No. 13.

Next, in Document Request No. 2, Dr. Kapoor seeks to obtain the personnel files of several categories of individuals. First, he seeks the files of all of the residents identified in Interrogatory No. 9. Dr. Kapoor is entitled to this information to determine which, if any, of the individuals are similarly situated to him; therefore, these personnel files, with social security numbers and any medical information redacted, shall be produced, subject to the protective order that has been entered in this case, **within 15 days of the date of this Entry**.

Dr. Kapoor also seeks the personnel files of the following individuals: (1) the named Defendants;(2) all of the individuals who disciplined him or participated in the decision to discipline him; (3) the individuals who made complaints against him; and (4) any witnesses or investigators. With a few exceptions, Dr. Kapoor does not explain why these personnel files are relevant to his case.[1] Rather, he relies upon the statement in a 2003 unpublished decision by another magistrate judge in this district that "[p]ersonnel files contain highly relevant information that would greatly assist a plaintiff in conducting discovery." While Dr. Kapoor characterizes this decision as the "clear law in this district," in actuality it simply is what it is: one judge's resolution of the dispute that was before him at the time.

Turning to the dispute currently before this judge, while Dr. Kapoor dismisses I.U.'s argument that the request for the named Defendants' personnel files is overbroad as "sufficiently

---

[1] Dr. Kapoor explains that he needs the personnel file of Chief Resident John Scherschel in order to determine whether Dr. Logio "relied in part on information from Scherschel in order to support her effort to remove Dr. Kapoor, knowing that Scherschel had demonstrated racial or national origin bias against Dr. Kapoor," and to determine whether discriminatory remarks made by certain nurses were "concealed by the chief resident involved, or if the remarks were disclosed and were ignored by the decision makers." He further explains that he needs the files of a certain intern in order to determine the truthfulness of Dr. Logio's testimony regarding her treatment of the intern's complaints against him, and that he needs the files of those who complained about his behavior in order to determine whether they had made similar complaints against others. The subset of documents that I.U. is required to produce will include any documents relevant to these issues.

farcical that it can be ignored," the request is, in fact, overbroad in the sense that the personnel files very likely contain a great deal of information that is completely irrelevant to the claims and defenses in this case. Without a specific explanation of what information within the personnel files is reasonably likely to lead to admissible information, the Magistrate Judge is not inclined to permit Dr. Kapoor to conduct a fishing expedition in them. However, Dr. Kapoor is entitled to any documents within the personnel files of each of the four categories of individuals set forth above that mention or relate to Dr. Kapoor in any way, as well as any documents that relate to any complaints or investigations, formal or informal, of racial or national origin discrimination, sexual harassment, or unprofessional conduct, regardless of who lodged the complaint or whom the complaint was lodged against. This will permit Dr. Kapoor to determine whether the complaints against him were treated any differently than other complaints, as well as to examine any possible bias that any of the individuals may have had against him. These documents also shall be produced **within 15 days of the date of this Entry**.

      Finally, Dr. Kapoor seeks to extend the discovery period in this case for thirty days after I.U. produces documents in response to this order. This request is **GRANTED**; however, the discovery in question shall be limited to follow-up discovery relating to any newly-produced documents.

      SO ORDERED:   07/26/2007

_William T Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification